**ANDERSEN & BEEDE**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Email: *ryan@aandblaw.com*
Michael N. Beede, Esq.
Nevada Bar No. 13068
Email: *mike@aandblaw.com*
Valerie Y. Zaidenberg, Esq.
Nevada Bar No. 15839
Email: *valerie@aandblaw.com*
3199 E Warm Springs Rd, Ste 400
Las Vegas, Nevada 89120
Phone: 702-522-1992
Fax:     702-825-2824
*Counsel for Robert E Atkinson, Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ROBIN LINUS LEHNER and DONYA TINA LEHNER,<br><br>Debtor. | Case No.: 22-14616-NMC<br>Chapter 7 |
| ROBERT E. ATKINSON, as Trustee of the Bankruptcy Estate of ROBIN LINUS LEHNER and DONYA TINA LEHNER; and WESTRIDGE PROPERTY MANAGEMENT LLC<br><br>Plaintiffs,<br><br>v.<br><br>SOUTH RIVER CAPITAL LLC; NEVADA TRUST DEED SERVICES LLC; DOE DEFENDANTS I through X; and ROE CORPORATIONS XI through XX,<br><br>Defendants. | Adversary No.<br><br>**ADVERSARY COMPLAINT** |

Robert E. Atkinson, ("Trustee" or "Plaintiff"), in his capacity as Chapter 7 trustee of the bankruptcy estate of Robin Linus Lehner and Donya Tina Lehner, ("Bankruptcy Estate"), and Westridge Property Management LLC, by and through their counsel, hereby submits this adversary complaint ("Complaint") against Defendants, South River Capital LLC and Nevada Trust Deed Services LLC, and alleges as follows based on information available to them and otherwise upon information and belief:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

2. This action is commenced pursuant to Federal Rules of Bankruptcy Procedure 7001(1) and is a core proceeding under 28 U.S.C. § 157(b).

3. If this adversary proceeding is determined to not be a core proceeding, or if this adversary proceeding is a core proceeding under 28 U.S.C. §157(b) but may not, as a constitutional matter, be adjudicated as such, then Trustee consents to the entry of final orders or judgments by the bankruptcy court.

## II. PARTIES

4. Plaintiffs hereby incorporate by reference each of the preceding paragraphs in this Complaint as if fully set forth herein.

5. Plaintiff Robert E. Atkinson is the duly appointed Chapter 7 trustee of the Bankruptcy Estate of Robin Linus Lehner and Donya Tina Lehner (hereinafter, "Debtors").

6. Plaintiff Westridge Property Management LLC (hereinafter, "Westridge") is a Delaware Limited Liability Company.

7. Defendant South River Capital LLC (hereinafter, "SRC") is a Maryland Limited Liability Company.

8. Defendant Nevada Trust Deed Services LLC (hereinafter, "NTDS") is a Nevada Limited Liability Company.

9. The true names and capacities of DOE DEFENDANTS I through X, inclusive, are unknown to Plaintiffs, who therefore sues such Defendants by these fictitious names. Plaintiffs are informed and believe that each Defendant is responsible in some manner for the events and happenings referred to, and damages caused thereby to Plaintiffs as alleged herein. Plaintiffs will ask leave of this Court to amend his Complaint to insert true names and capacities when such Defendants have been ascertained to join such Defendants in this action.

10. The true names and capacities of ROE CORPORATIONS XI through XX, inclusive, are unknown to Plaintiffs, who therefore sue such Defendants by these fictitious names. Plaintiffs are informed and believe that each Defendant is responsible in some manner for the events and happenings referred to, and damages caused thereby to Plaintiffs as alleged herein. Plaintiffs will ask leave of this Court to amend their Complaint to insert true names and capacities when such Defendants have been ascertained to join such Defendants in this action.

### III. GENERAL ALLEGATIONS

11. Plaintiffs hereby incorporate by reference each of the preceding paragraphs in this Complaint as if fully set forth herein.

12. Robin Linus Lehner and Donya Tina Lehner are Chapter 7 debtors in the above-captioned bankruptcy case and are proper persons domiciled in Nevada.

13. This action relates to the ownership and title to that certain residential real property located in Clark County, Nevada commonly known as 9501 Balatta Canyon Court, Las Vegas, Nevada 89144, bearing Clark County Assessor's Parcel Number 138-30-712-014 (the "Property"), and more particularly described as:

> LOT 22 IN BLOCK A OF CANYON FAIRWAYS, AS SHOWN ON THE FINAL MAP OF SUMMERLIN VILLAGE 3 CUSTOM LOTS UNIT NO 1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 74 OF PLATS, PAGE 36, AND AS AMENDED BY CERTIFICATE OF AMENDMENT RECORDED AUGUST 20, 1996 IN BOOK 960820 AS DOCUMENT NO 01210 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA

14. Debtors, through their entity, Westridge, purchased the Property by way of a Grant, Bargain, and Sale Deed recorded on November 18, 2020, as a Clark County Recorder's Instrument Number 20201119-0001305.

15. On or about April 5, 2022, Debtors, through their entity, Westridge, entered into that certain Commercial Promissory Note (hereinafter, the "Note") and Deed of Trust, Assignment of Rents, Security Agreement, and Fixture Filing (hereinafter, the "DOT"). The DOT was recorded on April 8, 2022, as Clark County Recorder's Instrument Number 20220408-0001328. SRC is named as the beneficiary under the DOT and is named as the lender under the Note.

16. The DOT recorded against the Property's parcel number purports to secure payment of the amounts alleged to be owed under the Note.

17. SRC has no other recorded interest in the Property.

18. NRS 645B.0127 defines the term "Mortgage Company" as a person who directly or indirectly "holds himself or herself out as being able to make loans secured by liens on real property."

19. Pursuant to NRS 645B.900, "It is unlawful for any person to offer or provide any of the services of a mortgage company or mortgage loan originator or otherwise to engage in, carry on or hold himself or herself out as engaging in or carrying on the business of a mortgage company or mortgage loan originator without first obtaining the applicable license issued pursuant to [NRS 645B]" unless the person meets certain criteria for exemption.

20. SRC does not now hold, nor has it ever held, a license to act as a mortgage company in Nevada.

21. Upon information and belief, SRC did not ever obtain a certificate of exemption with respect to the Note or DOT at issue herein, nor does it qualify for such an exemption.

22. SRC held itself out to Debtors and Westridge as being able to make loans secured by liens on real property as evidenced by the Note and DOT. Therefore, pursuant to NRS 645B.0127(c), SRC held itself out as and offered the services of a Mortgage Company without having the applicable license required by Nevada Law.

23. On or about April 7, 2023, NTDS in its capacity as trustee under the DOT initiated foreclosure proceedings against the Property on behalf of SRC by causing to be recorded that certain Notice of Breach and Election to Sell Under Deed of Trust against the Property as Clark County Recorder's Instrument Number 202304070000194.

24. Pursuant to NRS 645B.920, "[i]f a person, or any general partner, director, officer, agent or employee of a person violates the provisions of NRS 645B.900 or 645B.910, any contracts entered into by that person for the mortgage transaction are voidable by the other party to the contract."

25. Because SRC violated the provisions of NRS 645B.900, the Note and DOT are voidable under NRS 645B.920.

26. Trustee voided both the Note and DOT through written correspondence directed to SRC as provided by NRS 645B.920.

27. Pursuant to NRS 645B.950, "a person, or any general partner, director, officer, agent or employee of a person, who violates any provision of [Chapter 645B of the NRS], a regulation adopted pursuant to] Chapter 645B of the NRS] or an order of the Commissioner is guilty of a misdemeanor.

28. Pursuant to NRS 645B.930, "[i]n addition to any other remedy or penalty, if a person, or any general partner, director, officer, agent or employee of a person, violates the provisions of NRS 645B.900 or 645B.910, the client may bring a civil action against the person for: 1) Actual and consequential damages; 2) Punitive damages, which are subject to the provisions of NRS 42.005; 3) Reasonable attorney's fees and costs; and 4) Any other legal or equitable relief that the court deems appropriate."

**FIRST CLAIM FOR RELIEF**
**(Declaratory Relief and Quiet Title Pursuant to NRS 30.010, et. Seq. and NRS 645B, et. seq. Against South River Capital LLC)**

29. Plaintiffs incorporate each and every of the preceding paragraphs as if fully set forth herein.

30. Pursuant to NRS 30.030, et seq. and NRS 40.010, this Court has the power and authority to declare Plaintiffs' rights and interests in the Property and to resolve the Parties' adverse claims to the Property.

31. Pursuant to NRS 30.030, this Court also has the power to declare the Note void under NRS 645B.920.

32. Westridge is the rightful owner of the Property by virtue of the Grant, Bargain, and Sale Deed recorded on November 18, 2020, as a Clark County Recorder's Instrument Number 20201119-0001305.

33. SRC violated the provisions of NRS 645B.900 by holding itself out as and engaging in the business of a Mortgage Company[1] without a license or certificate of exemption when it entered into the Note and DOT.

34. Trustee has voided the Note and DOT pursuant to NRS 645B.920 and has advised SRC the same.

35. Plaintiffs are entitled to a declaratory judgment from this Court finding that: (1) Westridge Property Management LLC owns the Property in fee simple, free and clear of any interest in the Property claimed by South River Capital LLC; and (2) that the Note and DOT are void and unenforceable.

**SECOND CLAIM FOR RELIEF**
**(Civil Action for Damages Pursuant to NRS 645B.930 against South River Capital LLC)**

36. Plaintiffs incorporate each and every of the preceding paragraphs as if fully set forth herein.

37. Pursuant to NRS 645B.930, "[i]n addition to any other remedy or penalty, if a person, or any general partner, director, officer, agent or employee of a person, violates the provisions of NRS 645B.900 or 645B.910, the client may bring a civil action against the person for: (1) Actual and consequential damages; (2) Punitive damages, which are subject to the provisions of NRS 42.005; (3) Reasonable attorney's fees and costs; and (4) Any other legal or equitable relief that the court deems appropriate.

---

[1] As defined by NRS 645B.0127.

38. SRC violated the provisions NRS 645B.900 by holding itself out as and engaging in the business of a Mortgage Company[2] without a license or certificate of exemption by entering into the Note and DOT.

39. The Bankruptcy Estate has suffered damages as a result of SRC's violation of NRS 645B.900.

40. Westridge Property Management LLC acquired the Property by way of Grant Bargain and Sale Deed, and Westridge Property Management LLC is the rightful owner of the Property by virtue thereof.

41. The Bankruptcy Estate is the managing member of Westridge Property Management LLC

42. SRC violated the provisions NRS 645B.900 by holding itself out as and engaging in the business of a Mortgage Company[3] without a license or certificate of exemption.

43. Trustee is entitled to a judgment in its favor for actual and consequential damages, punitive damages subject to the provisions of NRS 42.005, and reasonable attorneys' fees and costs, each in an amount to be proven at trial. Plaintiffs are further entitled to any other legal or equitable remedy that this Court may deem appropriate.

## THIRD CLAIM FOR RELIEF
**(Preliminary and Permanent Injunction against South River Capital LLC and Nevada Trust Deed Services)**

44. Plaintiffs incorporate each and every of the preceding paragraphs as if fully set forth herein.

45. On or about April 7, 2023, NTDS, in its capacity as trustee under the DOT, initiated foreclosure proceedings against the property on behalf of Defendant South River Capital LLC by causing to be recorded that certain Notice of Breach and Election to Sell Under Deed of Trust against the Property.

---

[2] As defined by NRS 645B.0127.
[3] As defined by NRS 645B.0127.

46. The DOT has been voided pursuant to NRS 645B and is not a valid encumbrance against the Property.

47. No foreclosure may proceed under NRS 107 which is not supported by a valid and enforceable deed of trust.

48. If the foreclosure sale is allowed to proceed, Plaintiffs will be dispossessed of the real property and will suffer irreparable harm for which compensatory damages are inadequate.

49. Plaintiffs are entitled to a preliminary injunction and permanent injunction prohibiting Defendants from attempting to complete any foreclosure proceeding under the DOT or otherwise attempting to transfer title to the Property thereunder to protect the status quo.

**WHEREFORE,** Plaintiffs requests that this Court enter a judgment in their favor and against Defendants, as follows:

1) An award of actual and consequential damages in excess of $10,000.00 to be proven at trial;
2) Punitive damages in excess of $10,000.00 to be proven at trial;
3) An award of attorneys' fees and costs;
4) A declaration from this court that the Note and DOT are void and that Plaintiff own the Property free and clear any right, title, interest, lien, or claim by SRC;
5) An award of prejudgment and post-judgment interest;

//
//
//
//
//
//
//
//
//
//

6) A preliminary and permanent injunction against South River Capital LLC and Nevada Trust Deed Services, LLC enjoining any further foreclosure activity against the Property; and

7) Such other and further relief as the Court deems just and proper.

Dated this 5th day of July, 2023.

        Respectfully submitted by:

        **ANDERSEN & BEEDE**

By:   /s/ Michael N. Beede
       Ryan A. Andersen, Esq.
       Nevada Bar No. 12321
       Michael N. Beede, Esq.
       Nevada Bar No. 13068
       Valerie Y. Zaidenberg, Esq.
       Nevada Bar No. 15839
       3199 E Warm Springs Rd, Ste 400
       Las Vegas, Nevada 89120

*Counsel for Robert E. Atkinson, Trustee*